# Exhibit A

**General Civil and Domestic Relations Case Filing Information Form**

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2022000604
CDI

APR 06, 2022 10:40 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

☐ Superior or ☑ State Court of  Henry                     County

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 04-06-2022 | **Case Number** STSV2022000604 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Watson, Nia

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Williams, Oliver

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Atlanta Flea Market, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** YORK, ARTHUR          **Bar Number** 204065          **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000604**
CDL
APR 06, 2022 10:40 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2022000604

Watson, Nia
Williams, Oliver

_____

**PLAINTIFF**

**VS.**

Atlanta Flea Market, Inc., DBA Peachtree
Peddlers Flea Market

_____

**DEFENDANT**

### SUMMONS

TO: ATLANTA FLEA MARKET, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **ARTHUR YORK**
> **The York Firm LLC**
> **1776 Briarcliff Road NE**
> **Suite 200**
> **Atlanta, Georgia 30306**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 6th day of April, 2022.**

Clerk of State Court

*Lynne M. Policaro*

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

🏛 EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000604**
CDL

APR 06, 2022 10:40 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

### IN THE STATE COURT OF HENRY COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **Nia Watson, as surviving adult child and next of kin of Oliver Williams, deceased, and Nia Watson as anticipated administrator of the Estate of Oliver Williams,**<br><br>Plaintiffs,<br><br>v.<br><br>**Atlanta Flea Market, Inc. d/b/a Peachtree Peddlers Flea Market,**<br><br>Defendant. | Case No.<br><br><br>**Complaint for Damages** |

### Parties, Jurisdiction, and Venue

1. Oliver Williams, deceased, was a citizen of the State of Georgia at all times relevant to this Action.

2. Plaintiff Nia Watson is a surviving adult child of Oliver Williams. Nia Watson, Trevon Williams, and Tanasha Monrel are the sole wrongful death beneficiaries of Oliver Williams.

3. Nia Watson is in the process of becoming appointed as administrator of the Estate of Oliver Williams.

4. Defendant Atlanta Flea Market, Inc. d/b/a Peachtree Peddlers Flea Market ("Defendant") is a foreign corporation authorized to transact business in Georgia.

5. Defendant may be served with process through its registered agent Peggy Alexander, 155 Hill Road, McDonough, GA, 30253, in Henry County.

6. At the time of the incident giving rise to this action, Defendant owned the premises located at 155 Mill Rd, McDonough, GA 30253, where the incident

giving rise to this action occurred.

7.   At the time of the incident giving rise to this action, Defendant operated the premises located at 155 Mill Rd, McDonough, GA 30253, where the incident giving rise to this action occurred.

8.   At the time of the incident giving rise to this action, Defendant managed the premises located at 155 Mill Rd, McDonough, GA 30253, where the incident giving rise to this action occurred.

9.   Venue is proper in this Court because the acts and omissions forming the basis of this action occurred in Henry County.

10.  Defendant maintains its registered agent for service in Henry County.

11.  Defendant is subject to the jurisdiction and venue of this Court.

**Facts and Background**

12.  At all times material to this action, Defendant owned, operated, occupied, and managed the premises located at 155 Mill Rd, McDonough, GA 30253, including the parking lot and approaches (the "Flea Market").

13.  On or about July 25, 2021, Plaintiff was an invitee at the Flea Market.

14.  While Plaintiff was at the Flea Market on July 25, 2021, he was shot in the back and killed by another man, Larry Favors.

15.  Before July 25, 2021, Defendant, through its employees, agents, managers, and/or representatives, had received reports of aggressive, threatening, and/or violent behavior by Favors on the premises, about which Defendant knew, or by the exercise of reasonable care, should have known.

16.  Before July 25, 2021, there had been reports of criminal and dangerous activity at the Flea Market and in the immediate surrounding area, including assaults, burglaries, thefts, and armed robberies, about which Defendant knew, or by the exercise of reasonable care, should have known.

17.   Despite the Flea Market's actual and/or constructive knowledge of previous criminal activity in and around the premises, and of previous reports of aggressive, threatening, and/or violent conduct of Favors, Defendant failed to exercise reasonable care to protect invitees and individuals on the premises from such conduct.

18.   Plaintiff was killed as a direct result of the shooting at the Flea Market.

**General Negligence and Failure to Keep the Premises Safe (O.C.G.A. § 51-3-1)**

19.   At all relevant times, Defendant owed a duty of care to invitees, including Plaintiff, to keep the Premises safe from dangerous and criminal acts by individuals at the Flea Market.

20.   Before July 25, 2021, Defendant knew or should have known that the Flea Market was in a high crime area.

21.   Before July 25, 2021, Defendant negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity.

22.   Before July 25, 2021, Defendant negligently failed to maintain a reasonable policy, procedure, or system to prevent or deter the aforementioned criminal activity.

23.   Before July 25, 2021, Defendant negligently failed to maintain a policy, procedure, or system of investigating the backgrounds of individuals it allowed to operate on its property, including Larry Favors.

24.   Before July 25, 2021, Defendant negligently failed to maintain a policy, procedure, or system of investigating and addressing complaints against those it allowed to operate on its property, including Larry Favors.

25.   Defendant negligently failed to maintain, inspect, secure, patrol, and manage the Flea Market, thereby creating an unreasonable risk of injury to invitees, including Plaintiff.

26. Defendant negligently represented to invitees that the Flea Market was properly maintained and reasonably safe.

27. Defendant negligently, recklessly, and wantonly failed to warn invitees, including Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

28. Defendant negligently failed to remedy the dangerous condition of criminal and dangerous incidents that persisted over a period of time as a continuous and repetitious condition.

29. Defendant had express notice and knowledge of the dangerous condition of criminal and dangerous incidents that persisted over a period of time as a continuous and repetitious condition.

30. Before Plaintiff was killed, Defendant had express notice and knowledge of reports of aggressive, threatening, and/or dangerous conduct by Larry Favors.

31. Before Plaintiff was killed, Defendant should have, through the exercise of reasonable care, had notice and knowledge of reports of aggressive, threatening, and/or dangerous conduct by Larry Favors.

32. Despite notice of aggressive, threatening, and/or dangerous conduct by Larry Favors, Defendant allowed him to continue to remain on Defendant's premises.

33. Defendant negligently failed to provide adequate security protection or security personnel at the Flea Market.

34. Defendant negligently failed to keep The Flea Market safe and failed to adequately and properly protect Plaintiff, in breach of the duty of care owed to him.

35. Defendant's negligent failure to correct the circumstances giving rise to the criminal and dangerous activity on its premises, including the conduct of Larry Favors, directly and proximately caused Plaintiff's wrongful death.

**Damages**

36.  Nia Watson, as anticipated administrator of the estate of Oliver Williams, deceased, is a proper party to assert the claims for Mr. Williams' pre-death pain and suffering, funeral expenses, and medical expenses.

37.  Defendant is liable to Plaintiff for the pre-death pain and suffering of Oliver Williams, his funeral expenses, and his medical expenses.

38.  Nia Watson, as surviving adult child of Oliver Williams, is a proper party to assert a claim for the wrongful death of Oliver Williams.

39.  As a result of the acts and omissions of Defendant as set forth above, Defendant caused or contributed to injury and death to Oliver Williams for which Plaintiffs may recover.  Such damages include:

   39.1. The wrongful death of Oliver Williams, deceased, entitling Plaintiffs to recover the full value of Oliver Williams's life, as well as all other damages permitted under Georgia law;

   39.2. Expenses associated with the last illness, death and burial of Oliver Williams;

   39.3. Pre-death physical injury, fear, pain and suffering, disability, impairment, lost capacity to enjoy life, and mental anguish of Oliver Williams in an amount to be proven at trial and which may be recovered by Plaintiffs;

   39.4. Pre-death medical expenses of Oliver Williams in an amount to be proven at trial;

   39.5. All additional damages available under Georgia law related to the wrongful death of Oliver Williams.

40.  As a direct and proximate result of the acts and omissions of Defendant, Oliver Williams was fatally injured and suffered damages prior to his death for which Plaintiffs may recover including, but not limited to: pre-death physical injury;

pre-death physical pain and suffering; pre-death mental pain and suffering; pre-death impairment, disability and disfigurement; loss of capacity to enjoy life; loss of capacity to work or earn a living; medical care, nursing care, other treatment and medical monitoring; pre-death fear and mental anguish associated with Oliver Williams' impending death; as well as all other special and general damages permitted under law.

41.   Plaintiff respectfully requests:

    41.1.       process issue as provided by law;

    41.2.       trial by jury against Defendant;

    41.3.       judgment be awarded to Plaintiff and against Defendant;

    41.4.       Plaintiff be awarded damages in amounts to be shown at trial; and

    41.5.       Plaintiff have such other relief as this Court deems just and appropriate.

    Submitted on April 6, 2022, by:

**The York Firm, LLC**
1776 Briarcliff Road NE
Suite 200
Atlanta, Georgia 30306
404.990.3388 p.
470.357.6011 f.
arthur@theyorkfirm.com

Arthur R. York
Georgia Bar No. 204065

**Attorney for Plaintiff**

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000604**
CDL

**MAY 13, 2022 03:08 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

NIA WATSON
OLIVER WILLIAMS

      **Plaintiff's**

ATLANTA FLEA MARKET ,INC. D/B/A
PEACHTREE PEDDLERS FLEA MARKET

                                                    **Civil Action**
                                              **STSV2022000604**

      **Defendant**

## AFFIDAVIT OF SERVICE

PERSONALLY APPEARED before me, the undersigned officer of the State of Georgia authorized to administer oaths, **SHARON SNELLINGS**, who, upon being duly sworn and under oath, stated the following:
                                1.

I am over the age of eighteen years and am legally competent and able to make this affidavit which is based upon my own personal knowledge.

2.

I make this affidavit for use in the above-captioned action and for all legal purposes.

3.

**On May 9 th , 2022 ,** after verifying his/her identity, **I** personally served

**Peggy Alexander, Registered Agent for Peachtree Peddlers, through**

*Manager Greg Naught* _____ with a **Summons , Parties, Jurisdiction**

and **Venue , in the above style case at 155 Mill Rd. McDonough Ga .**

at **1:30** a.m. (**p.m.**)

Further affiant sayeth not this _9th_ day of _May_, 2022

_____
SHARON SNELLINGS
SHARON SNELLINGS ENTERPRISES
CERTIFIED PROCESS SERVER

Sworn to and subscribed before me
This _____ day of _____, 2022

_____
Notary Public
My Commission Expires: 10/12/25

# IN THE STATE COURT OF HENRY COUNTY

## STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2022000604**
CDL
MAY 13, 2022 03:08 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

|  |  |
|---|---|
| NIA WATSON, AS SURVIVING ADULT CHILD AND NEXT OF KIN OF OLIVER WILLIAMS, DECEASED, AND NIA WATSON AS ANTICIPATED ADMINISTATOR OF THE ESTATE OF OLIVER WILLIAMS | * * * * <br><br><br> * * |
| Plaintiff | * Case # STSV202200604 |
| Vs. | * * |
| ATLANTA FLEA MARKET, INC. D/B/A PEACHTREE PEDDLERS FLEA MARKET | * * * * |
| Defendant | * * |

## AFFIDAVIT OF SERVICE

Comes now, David Blount, before the undersigned officer duly authorized to

administer oaths, pursuant to the provisions of O.C.G.A Section 9-11-4, who states under oath

and of his personal knowledge as follows:

I have this 13th day of **May 2022**, served a duplicate original copy of the Plaintiff's First Interrogatories to Defendant, Plaintiff's First Requests for Production of Documents to Defendant and Plaintiff's First Requests for Admission to Defendant issued by the Clerk of Court upon Atlanta Flea Market, Inc. d/b/a Peachtree Peddlers Flea Market by and thru its registered agent for service to wit: **In the hands of Greg Hought at 155 Mill Road, McDonough, Georgia.**

David Blount
Court Appointed Process Server

Sworn to and subscribed
before me this 13 day
of may , 2022.

Notary Public
My commission expires: 05/12/2025

JORDAN DANIELS
NOTARY
PUBLIC
Exp. May 12, 2025
HENRY COUNTY, GA

🔗 EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000604**
CDL
JUN 06, 2022 03:23 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Nia Watson, as surviving adult child | ) | |
| and next of kin of Oliver Williams, | ) | CIVIL ACTION FILE NO. |
| deceased, and Nia Watson as | ) | STSV2022000604 |
| anticipated administrator of the Estate | ) | |
| of Oliver Williams, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Atlanta Flea Market, Inc. d/b/a | ) | |
| Peachtree Peddlers Flea Market, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ANSWER AND DEFENSES OF DEFENDANT ATLANTA FLEA MARKET, INC.

**COMES NOW**, Defendant, ATLANTA FLEA MARKET, INC., (hereinafter, "Defendant"), and responds to the Complaint for Damages filed by NIA WATSON, as surviving adult child and next of kin of Oliver Williams, deceased, and Nia Watson as anticipated administrator of the Estate of Oliver Williams (hereinafter, "Plaintiff"). Discovery has just commenced and no written discovery or depositions have been undertaken or completed that would allow Defendant to fully evaluate the issues regarding liability, damages, and defenses. Accordingly, Defendant responds with its preliminary Answer and Defenses. Without waiving this prefatory position, Defendant responds as follows:

## FIRST DEFENSE

Defendant asserts that the Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

**SECOND DEFENSE**

Given that the criminal case alleged in the Complaint is ongoing and has not been released to this Defendant, it is unclear whether the incident occurred as alleged, was a random act or whether the Plaintiff may have been targeted by his attacker. Accordingly, the Defendant reserves at this time all defenses available under Georgia law to include assumption of the risk, and open and obvious risk, comparative negligence, waiver, estoppel and release.

**THIRD DEFENSE**

Plaintiff cannot recover because the Plaintiff by the exercise of ordinary care could have avoided the consequences of any act, or failure to act, by Defendant.

**FOURTH DEFENSE**

The claims against Defendant are barred because at all pertinent times Defendant exercised that degree of skill and care ordinarily employed by reasonable persons in general under similar conditions and like surrounding circumstances.

**FIFTH DEFENSE**

Defendant asserts that the injuries and damages alleged by the Plaintiff were not proximately caused by any negligence on the part of the Defendant or any entity or person for whose actions the Defendant was legally liable.  To the extent that the Plaintiff's damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than the Defendant.

**SIXTH DEFENSE**

Defendant asserts that upon information and belief, Plaintiff's economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources, and Defendant is entitled to have the Court consider the same in determining such special damages.

## SEVENTH DEFENSE

Defendant asserts that Oliver Williams was comparatively negligent in bringing about the injuries and damages set forth in the Complaint and said negligence was equal to or greater than any negligence on behalf of Defendant; thus, Plaintiff is not entitled to damages. If the evidence shows that Oliver Williams' negligence caused less than half of the total damages, Plaintiff's recovery should be reduced by his percentage of fault.

## EIGHTH DEFENSE

Defendant asserts that the injuries and damages alleged by Plaintiffs were not proximately caused by any negligence in the part of this Defendant or any entity or person for whose actions this Defendant was legally liable. To the extent that Plaintiff's damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than this Defendant. Additionally, should it be found that Defendant is liable to the Plaintiff herein, any liability being specifically denied, then Defendant demands that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## NINTH DEFENSE

Plaintiff's alleged injuries and damages were caused by someone other than this Defendant and an intervening criminal act and Defendant hereby gives notice under O.C.G.A. 51-12-33 of liability of a non-party who committed the alleged crime and whose identity, name, and best known address is not known to this Defendant. The perpetrator of the attack is wholly and completely responsible for the Plaintiff's damages because he was the sole perpetrator of the physical injuries and harm brought about the Plaintiff. Therefore, Defendant intends to Apportion Non-Party Fault against such non-party at trial.

## TENTH DEFENSE

Defendant asserts that any injuries or damages which may have been sustained, if any, were caused in whole or in part by an intervening criminal act.

## ELEVENTH DEFENSE

Defendant Yash asserts that, to the extent a dangerous condition existed on the premises, Christopher Brooks may have had at least equal knowledge of the dangerous condition and failed to avoid it by the exercise of reasonable care.

## TWELFTH DEFENSE

Defendant asserts that the injuries and damages alleged by Plaintiff were not proximately caused by any negligence on the part of the Defendant or any entity or person for whose actions Defendant is legally liable.  To the extent that Plaintiff's damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than the Defendant.

## THIRTEENTH DEFENSE

Defendant is an improper party and should be dismissed.

## FOURTEENTH DEFENSE

Defendant asserts that Plaintiff contractually waived his right of action.

## FIFTEENTH DEFENSE

Defendant asserts that Plaintiff has failed to join an indispensable party.

## ANSWER

Defendant specifically responds to the numbered paragraphs of Plaintiff's Complaint as follows:

**Parties, Jurisdiction, and Venue**

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which therefore stand denied.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, which therefore stand denied.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, which therefore stand denied.

4.

Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.

Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.

Defendant admits it operated the common areas on the premises as alleged in Paragraph 7 of the Plaintiff's Complaint, but denies that it operated all vendor booths on the premises. Defendant states that it left individual vendors to operate their own booths.

8.

Defendant admits it managed the common areas on the premises as alleged in Paragraph 8, but denies that it managed all vendor booths on the premises. Defendant states that it left individual vendors to manage their own booths.

9.

Defendant admits the allegations contained in Paragraph 9 in Plaintiff's Complaint.

10.

Defendant admits the allegations contained in Paragraph 10 in Plaintiff's Complaint.

11.

Defendant admits the allegations contained in Paragraph 11 in Plaintiff's Complaint.

### Facts and Background

Defendant reasserts the allegations contained in paragraphs 1 through 11 above, as if fully set forth herein, and states as follows:

12.

Defendant admits that it owned the subject premises as alleged in Paragraph 12 of the Plaintiff's Complaint. With respect to operation and management, Defendant refers to the responses contained in Paragraphs 7 and 8 of its Answer, and incorporates those responses as if fully re-stated herein.

13.

Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.

Defendant is without knowledge or information sufficient to form a belief as to the area where the Plaintiff was shot as alleged in Paragraph 14 of the Plaintiff's Complaint, Defendant admits that Oliver Williams was shot and killed by Larry Favors.

15.

Defendant admits receiving complaints about Favors as alleged in Paragraph 15 of the Plaintiff's Complaint, but denies that this indicates any kind of predisposition to violence.

16.

Defendant admits knowledge of one reported burglary in between January 2020 and July 25, 2021. Defendant also admits knowledge of one reported "theft" during that same time period. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 16 of Plaintiff's Complaint, particularly because these allegations pertain to all time "before July 25, 2021," and are thus unlimited in scope. Thus, out of an abundance of caution, Defendant denies same allegations.

17.

Defendant denies the allegations contained within Paragraph 17 of the Plaintiff's Complaint.

18.

Defendant admits the allegations contained within Paragraph 18 of the Plaintiff's Complaint.

**General Negligence and Failure to Keep the Premises Safe (O.C.G.A. § 51-3-1)**

Defendant reasserts the allegations contained in paragraphs 1 through 18 above, as if fully set forth herein, and states as follows:

19.

Defendant denies Plaintiff was an invitee.

20.

Defendant denies the allegations contained within Paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained within Paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained within Paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained within Paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained within Paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained within Paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained within Paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained within Paragraph 27 of the Plaintiff's Complaint.

28.

Defendant denies the allegations contained within Paragraph 28 of the Plaintiff's Complaint.

29.

Defendant denies the allegations contained within Paragraph 29 of the Plaintiff's Complaint.

30.

Defendant denies it had notice or knowledge of any conduct of Larry Favors that could have made the shooting on July 25, 2021, foreseeable.

31.

Defendant denies it should have had notice or knowledge of any conduct of Larry Favors that could have made the shooting on July 25, 2021, foreseeable.

32.

Defendant denies it had notice or knowledge of any conduct of Larry Favors that could have made the shooting on July 25, 2021, foreseeable. Defendant admits that Larry Favors was permitted to be present on the premises on that date.

33.

Defendant denies the allegations contained within Paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained within Paragraph 34 of the Plaintiff's Complaint.

35.

Defendant denies the allegations contained within Paragraph 35 of the Plaintiff's Complaint.

**Damages**

Defendant reasserts the allegations contained in paragraphs 1 through 35 above, as if fully set forth herein, and states as follows:

36.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, which therefore stand denied.

37.

Defendant denies the allegations contained within Paragraph 37 of the Plaintiff's Complaint.

38.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, which therefore stand denied.

39.

Defendant denies the allegations contained within Paragraph 39 of the Plaintiff's Complaint, including all subparts.

40.

Defendant denies the allegations contained within Paragraph 40 of the Plaintiff's Complaint.

<u>Wherefore Paragraph</u>

To the extent the "Wherefore" paragraph contained in the Plaintiffs' Complaint and requires a response, Defendant denies the same.

**WHEREFORE**, Defendant respectfully prays as follows:

a)    That the Plaintiffs' Complaint be dismissed on the grounds set forth above and all costs cast against the Plaintiffs;

b)    In the alternative, that judgment be granted in favor of Defendant on all counts;

c)    That Defendant have a trial by twelve (12) jurors, as the law provides;

d)    Defendant requests that it recovers reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11; and

e)    For such other and further relief that the Court deems just and proper.

This 6th day of June, 2022.

RUTHERFORD & CHRISTIE LLP

*/s/: Carrie L. Christie*
Carrie L. Christie, Esq.
Georgia State Bar No. 125248
Dillon P. McConnell, Esq.
Georgia State Bar No. 483351
*Counsel for Defendant*

285 Peachtree Center Avenue, NE
Marquis II, Suite 1650
Atlanta, GA 30303
(404) 522-6888
info@rclawllp.com

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

Nia Watson, as surviving adult child )
and next of kin of Oliver Williams, )          CIVIL ACTION FILE NO.
deceased, and Nia Watson as )                  STSV2022000604
anticipated administrator of the Estate )
of Oliver Williams, )
)
                    Plaintiffs, )
)
v. )
)
Atlanta Flea Market, Inc. d/b/a )
Peachtree Peddlers Flea Market, )
)
                    Defendant. )
_____)

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **ANSWER AND DEFENSES OF DEFENDANT ATLANTA FLEA MARKET, INC.** by electronic mail at the primary email address on record with the electronic filing service provider pursuant to O.C.G.A. § 9-11-5:

Arthur R. York
The York Firm, LLC
1776 Briar Cliff Road, NE
Suite 200
Atlanta, Georgia 30306
arthur@theyorkfirm.com
*Counsel for Plaintiff*

This 6th day of June, 2022.

RUTHERFORD & CHRISTIE LLP

*/s/: Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248